IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.H. PACE COMPANY, INC.,

      **Plaintiff,**

v.                                                                    1:12-cv-3854-WSD

AOD GROUP, LLC and
GARRETT WALDROP,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Leave to Withdraw Their Fourth Counterclaim [53] ("Motion to Withdraw"). Also before the Court is Plaintiff's Motion for Judgment on the Pleadings as to AOD's Fourth Counterclaim [50] ("Motion for Judgment on the Pleadings").

### I.    BACKGROUND

On November 2, 2012, Plaintiff D.H. Pace Company, Inc. ("Plaintiff") filed this action against Defendants AOD Group, LLC and Garrett Waldrop (collectively, "Defendants"). Plaintiffs allege that Defendants, competitors of Plaintiff in the business of selling and repairing garage doors, violated certain of Plaintiff's trademarks. Plaintiff asserts claims for unfair competition, under state and federal law, and breach of contract.

On July 1, 2013, Defendants filed their Counterclaim against Plaintiff asserting four (4) causes of action: (i) liability for declaratory relief (Count I); (ii) breach of contract (Count II); breach of the implied covenant of good faith and fair dealing (Count III); and liability for trademark misuse and anti-competitive acts (Count IV).  On September 9, 2013, Defendants filed their Motion to Withdraw seeking leave to "withdraw and/or dismiss" Count IV of their Counterclaim (the "Fourth Counterclaim").[1]

## II. DISCUSSION

In their Motion to Withdraw, Defendants seek leave to "withdraw and/or dismiss their Fourth Counterclaim."  The motion thus seeks leave to amend Defendants' pleading and is governed by Rule 15 of the Federal Rules of Civil Procedure.  See Anderberg v. Masonite Corp., 176 F.R.D. 682, 686 (N.D. Ga. 1997) ("When a party seeks to dismiss a single claim in a multi-count complaint instead of an entire action, . . . the motion should be treated as a motion to amend the complaint under Rule 15(a) to delete the specific claim.").  Rule 15(a) provides that, except within certain time periods not applicable here, a party may amend its pleading "only with the opposing party's written consent or the court's leave."

---

[1] On August 23, 2013, Plaintiffs filed their Motion for Judgment on the Pleadings with respect to the Fourth Counterclaim.

Fed. R. Civ. P. 15(a)(2).  The Rule provides that "[t]he court should freely give leave when justice so requires."  Id.  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff does not argue that there is a "reason," under Rule 15, to deny Defendants leave to amend.[2]  The Court finds that allowing Defendants to

---

[2] Plaintiff argues that Defendants should not be allowed to voluntarily dismiss their Fourth Counterclaim without prejudice, under Rule 41(a), because of Plaintiff's pending Motion for Judgment on the Pleadings.  Rule 41(a), which provides that "an *action* may be dismissed at the plaintiff's request only by court order," does not apply to Defendants' Motion to Withdraw.  See Fed. R. Civ. P. 41(a)(2) (emphasis added); see also Fed. R. Civ. P. 41(c) (providing that Rule 41(a) applies to the dismissal of counterclaims).  Courts uniformly have held that Rule 41(a) does not permit the dismissal of individual claims from a multi-claim action but only authorizes the dismissal of an entire action.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362, at 413–14 & n.13 (3d ed. 2008 & Supp. 2012) (collecting cases) ("Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action."); see also Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) (holding that a district court is "not empowered to dismiss only certain claims under Rule 41"); Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 662 (5th Cir. 1979) (holding that Rule 41(a) allows the dismissal of an "action," not "the separate claims which make up an action").  Defendants' Motion to Withdraw, seeking the withdrawal of only one counterclaim, must be decided under Rule 15.  See, e.g., 9 Wright & Miller, supra, § 2362, at 413–14.

3

withdraw their Fourth Counterclaim will not cause any delay in the proceedings or prejudice to Plaintiff, and Defendants' Motion to Withdraw is granted.[3]

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to Withdraw Their Fourth Counterclaim [53] is **GRANTED**.  Defendants' Fourth Counterclaim is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings as to AOD's Fourth Counterclaim [50] is **DENIED AS MOOT**.

**SO ORDERED** this 15th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because Defendants' Fourth Counterclaim is withdrawn, Plaintiff's Motion for Judgment on the Pleadings is moot and is denied on that basis.