IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., | |
| **Plaintiff,** | |
| v. | 1:12-cv-3854-WSD |
| AOD GROUP, LLC and GARRET WALDROP, | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint [68] ("Motion to Amend"). Also before the Court is Defendant's Motion for Judgment on the Pleadings [54].

**I.   BACKGROUND**

Plaintiff D.H. Pace Company, Inc. ("Plaintiff") sells and repairs garage doors in the Atlanta area under the trade name "Overhead Door Company of Atlanta." Defendant AOD Group, LLC ("Defendant") directly competes with Plaintiff.

Plaintiff alleges that, from 2005 to 2011, Defendant engaged in unfair competition by violating trademarks owned by Plaintiff. In April 2011, Defendant filed a declaratory judgment action against Plaintiff seeking a declaration that

Defendant's actions did not violate Plaintiff's trademarks and otherwise was not unfair competition. Plaintiff counterclaimed alleging various federal and state law claims based on Defendant's alleged violations of Plaintiff's trademarks and unfair competition conduct. In October 2011, Plaintiff and Defendant settled the litigation, and on October 12, 2011, entered into a settlement agreement (the "Settlement Agreement") in which Defendant agreed not to use certain terms in its advertisements and other marketing materials, including the "tags" and "tag clouds" of any websites.

In its First Amended Complaint [38] filed in this action, Plaintiff alleged that, in October 2012, Defendant breached the Settlement Agreement by using prohibited terms in online advertisements and in the "tag clouds" of certain websites.[1]

On July 1, 2013, Defendant filed its Answer [41] to the First Amended Complaint, and the parties subsequently engaged in discovery. On September 27, 2013, Plaintiff took the Rule 30(b)(6) deposition of Defendant. Plaintiff asserts that, during this deposition, it learned that: Defendant "misunderstands" that

---

[1] The First Amended Complaint also includes claims for breach of the implied covenant of good faith and fair dealing, unfair competition under the federal Lanham Act, unfair and deceptive trade practices under Georgia law, and unfair competition under Georgia law.

2

Plaintiff's breach of contract allegations include claims based on Defendant's pre-October 2012 placement of online advertisements, coupons, and phone book advertisements and include claims based on prohibited use of "tags" on websites; Defendant engaged in false advertising by falsely claiming that its businesses were accredited by the Better Business Bureau ("BBB") and by falsely claiming that its "National Overhead Doors" business has been in operation for 10 years; and that Defendant operates in multiple states.

On October 18, 2013, based on these discoveries, Plaintiff filed its Motion to Amend seeking leave to file, out of time, a second amended complaint. In its proposed second amended complaint, Plaintiff seeks to assert additional allegations in support of its breach of contract claim, including express allegations that Defendant breached the Settlement Agreement through its pre-October 2012 placement of online advertisements, coupons, and phone book advertisements and through its use of prohibited "tags" on websites. Plaintiff also seeks to assert additional claims for false advertising, based on Defendant's BBB claims, claims to be in operation for 10 years, and claims to be a "national" company. Plaintiff wants also to assert a claim for the cancellation of the registration of Defendant's trademark "National Overhead Doors" on the ground that the mark is merely

descriptive because Defendant operates in multiple states.[2]

## II.   DISCUSSION

<u>Good Cause to Amend the Existing Schedule</u>

Plaintiff's Motion to Amend is untimely under the existing schedule in this case.  <u>See</u> LR 7.1(A)(2), NDGa (providing that, with certain exceptions not relevant here, "motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery").  The Court therefore first determines whether the schedule should be modified to allow the late filing of the Motion to Amend.  <u>See</u> <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) (noting that courts evaluating motions to amend in these circumstances should determine whether to alter the scheduling order under Rule 16 prior to determining whether the amendment is proper under Rule 15).  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard preludes modification unless the schedule cannot 'be met despite the diligence of the party seeking extension.'"  <u>Sosa</u>, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment, Discussion of subdivision (b))).  The good cause standard is met when, in the

---

[2] On September 17, 2013, Defendant filed its Motion for Judgment on the Pleadings seeking dismissal of certain of Plaintiff's breach of contract claims.

exercise of due diligence, the party seeking amendment does not discover the facts justifying the amendment until after the amendment deadline.  See <u>Datastrip Int'l, Ltd. v. Intacta Techs., Inc.</u>, 253 F. Supp. 2d 1308, 1317–18 (N.D. Ga. 2003).

Plaintiff asserts that it did not learn facts necessitating its proposed additional contract allegations, or supporting its proposed new unfair competition and trademark cancellation claims, until the Rule 30(b)(6) deposition of Defendant on September 27, 2013.  Defendant argues that the facts discovered regarding the trademark cancellation claim, the unfair competition claim based on BBB accreditation, and the unfair competition claim based on Defendant's claim to be "national," were available to Plaintiff before the amendment deadline.[3]

With respect to the BBB claim, Defendant argues that, on May 16, 2013—before Plaintiff filed its First Amended Complaint—Defendant produced correspondence to Plaintiff showing that Defendant "directed all of its advertisers to cease use of the BBB accreditation mark on its websites and advertisements."

---

[3] Defendant's opposition to Plaintiff's Motion to Amend is disjointed and freely intermingles arguments based on both Rules 15 and 16.  The Court nevertheless has endeavored to evaluate Defendant's arguments under the proper standards.  Defendant does not appear to argue that Plaintiff has failed to satisfy Rule 16 with respect to the additional contract allegations or the unfair competition claim based on Defendant's representation that National Overhead Doors has been in business for 10 years.  The Court thus finds that good cause exists to allow the filing of the Motion to Amend with respect to these claims.

5

(Def.'s Br. [72] at 15.)  In support of this assertion, Defendant cites generally its "Exhibit A," consisting of 34 pages of correspondence.  Defendant does not specify which of the numerous emails or letters pertain to its argument, and the Court declines to scour through the record to find Defendant's evidence.  See, e.g., Magnum Towing & Recovery v. City of Toledo, 287 F. App'x 442, 449 (6th Cir. 2008) ("[I]t is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court.").  Even if the Court accepted Defendant's characterization of the correspondence, this evidence shows only that Defendant stopped using the BBB's accreditation mark.  It does not show that Defendant ceased claiming to have BBB accreditation because the claims were false or that Defendant lost or lacked BBB accreditation, as alleged in Plaintiff's proposed second amended complaint.  The Court finds that Plaintiff's receipt of this evidence does not show that Plaintiff failed to exercise diligence to identify the information upon which it seeks to amend.  As a result, the Court determines that Plaintiff has shown good cause to seek leave to plead its BBB claim.

With respect to Plaintiff's proposed trademark cancellation claim, Defendant argues that Plaintiff knew, since December 2011, of Defendant's use of the trademark "National Overhead Doors."  Plaintiff's trademark cancellation claim is

based not on Defendant's use of the mark but its allegation that the mark is invalid as "descriptive." Plaintiff asserts, and Defendant does not dispute, that Plaintiff first learned the basis for its claim that the mark is merely descriptive—because Defendant operates "nationally"—only during discovery in this case. The Court thus finds that Plaintiff has shown good cause to seek leave to plead the trademark cancellation claim.

With respect to the proposed false advertising claim based on Defendant's claim to be a "national" company, Defendant argues that its website has made the "national" claim since at least July 2012. Plaintiff has not disputed, or otherwise responded to, this argument and has failed to explain why it was not able to learn of Defendant's "national" claims before filing its original Complaint. The Court finds that Plaintiff has failed to show good cause for its failure to assert this claim in earlier pleadings, and leave to assert it now is denied.

A. <u>Leave to File a Second Amended Complaint</u>

Having concluded that Plaintiff has demonstrated good cause to amend the schedule with respect to the additional contract allegations, the BBB false advertising claim, the "10 years in business" false advertising claims, and the trademark cancellation claim, the Court next determines whether the addition of these allegations and claims should be allowed under Rule 15 of the Federal Rules

7

of Civil Procedure.  Rule 15(a) provides that, after a party has amended its pleading once as a matter of right, the party may amend its pleading again "only with the opposing party's written consent or the court's leave."  The Rule provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).

         1.     *Contract Allegations Based on Coupons and Advertisements*

Plaintiff first seeks to assert new allegations that Defendant failed to cure certain breaches of the Settlement Agreement—online advertisements, coupons, and phone book advertisements, placed into circulation before October 2012, containing a prohibited trade name.  Defendant argues that these allegations should not be permitted because Plaintiff seeks to assert them in "bad faith."

Defendant first contends that Plaintiff's Original and Amended Complaints show that Defendant did cure the breaches arising from the online advertisements and coupons.  The Original and First Amended Complaints allege that Defendant

"failed to fully cure the most recent breaches." Defendant argues that the online advertisement and coupon breaches were not the "most recent" and that it therefore must have cured those breaches. The Court disagrees. Even if the online advertisements and coupons are not the "most recent" breaches, the Original and First Amended Complaints' silence regarding those breaches does not amount to an allegation that Defendant cured the breaches. The Court finds that Plaintiff's proposed allegations regarding the online advertisements and coupons should be allowed.

Defendant next contends that it did, in fact, cure the breach arising from the phone book advertisements. To support this contention, Defendant cites a letter in which its counsel wrote that the phone book advertisement breach was caused by a third-party. This letter, at most, creates a dispute of fact. It does not show that Plaintiff's allegations are in "bad faith" or that the claims are futile. The Court finds that Plaintiff's proposed allegations regarding the phone book advertisements should be allowed.

    2.    *Contract Allegation Based on Tags*

Plaintiff next seeks to assert new allegations that Defendant violated the Settlement Agreement by including prohibited terms as "tags" on its websites. Defendant argues that these allegations are brought in "bad faith" because

9

Defendant did not, in fact, use "tags" on its websites and Plaintiff did not provide pre-litigation notice of this alleged breach, as required by the Settlement Agreement. Defendant's arguments are based on its semantic contention that "tags" are different than "tag clouds."[4] Defendant, however, does not explain the difference between the terms and did not submit any evidence showing that the addition of claims based on "tags," as opposed to "tag clouds," would be futile. The Court concludes that Defendant's argument constitutes a potential factual dispute not properly resolved in the context of the Motion to Amend, and the proposed allegations should be allowed.[5]

### 3. *False Advertising Claims*

Plaintiff next seeks to assert new claims that Defendant engaged in unfair competition, in violation of the Lanham Act, by falsely advertising that its businesses were accredited by the BBB and that its business "National Overhead Doors" has been in operation for 10 years. Defendant argues that allowing these

---

[4] Defendant concedes that is websites included "tag clouds" and that Plaintiff issued notice of a breach arising from "tag clouds."

[5] Paragraphs 60, 63, 99, and 111 of the proposed second amended complaint contain claims that Defendant breached the Settlement Agreement by failing to disclose certain information and failing to disgorge certain profits. Defendant argues, and Plaintiff does not dispute, that these claims should not be permitted because the Court previously dismissed these claims. The Court agrees, and these claims are not allowed to be asserted in the second amended complaint.

claims would be futile.

Defendant first argues that Plaintiff may not assert these unfair competition claims because Plaintiff does not satisfy the five-factor test for "prudential standing" adopted in Phoenix of Broward, Inc. v. McDonald's Corp., 489 F.3d 1156 (11th Cir. 2007).  Earlier this year, in Lexmark International, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377 (2014), the United States Supreme Court expressly rejected Phoenix's five-factor test.  The Supreme Court held that "prudential standing" is not a relevant inquiry, and that a plaintiff may assert a false advertising claim, under the Lanham Act, by pleading "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations."  Lexmark, 134 S. Ct. at 1395.  Defendant does not argue, and the Court does not otherwise find at this stage in the proceedings, that Plaintiff's proposed false advertising claims do not satisfy this standard.  The Court concludes that Plaintiff's false advertising claims should not be denied on this basis.

Defendant next argues that Plaintiff's BBB claim should be denied as futile because Defendant has stopped using the BBB accreditation marks on its advertising materials, and Plaintiff's claims are thus moot.  The Court disagrees.  Even if the Court accepts Defendant's factual assertion, the fact that Defendant has

11

stopped its allegedly unfair activities does not, itself, render moot Plaintiff's alleged damages or Defendant's liability for injunctive relief.  See, e.g., Sec'y of Labor v. Burger King Corp., 955 F.2d 681, 684 (11th Cir. 1992) ("It long has been the rule that 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.'" (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953))).  The Court concludes that Plaintiff's BBB claims should be allowed.

Defendant next argues that Plaintiff's "10 years in business" false advertising claim should be denied as futile because Defendant has, in fact, been in business for 10 years.  Plaintiff's claim is based on its allegation that Defendant's operation as "National Overhead Doors" is new and that the "10 years in business" claim is misleading and likely to confuse consumers.  The evaluation of Plaintiff's claim requires the resolution of a factual dispute and is not appropriate in the context of Plaintiff's Motion to Amend.  The Court finds that Plaintiff's "10 years in business" false advertising claim is not futile and should be allowed.

      4.    *Trademark Cancellation Claim*

Plaintiff next seeks to assert a claim to cancel Defendant's registration of its trademark "National Overhead Doors."  Defendant argues only that it "will not have sufficient opportunity to seek additional discovery to defend against" this

claim. Plaintiff has asserted that it will not seek any additional discovery related to this claim, and Defendant does specify any particular discovery that it may require. The Court finds that Defendant's generalized request for additional discovery is not sufficient to deny the addition of the trademark cancellation claim, and the claim is allowed.[6]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint [68] is **GRANTED IN PART** and **DENIED IN PART**. It is **DENIED** with respect to Plaintiff's false advertising claim based on Defendant's claim to be a "national" company. It is further **DENIED** with respect to Plaintiff's allegations, in paragraphs 60, 63, 99, and 111 of the proposed second amended complaint, that Defendant breached the Settlement Agreement by failing to disclose information or disgorge profits. It is **GRANTED** with respect to all remaining allegations and claims sought to be asserted. Plaintiff may file its Second Amended Complaint within seven (7) days of this Order.

---

[6] Because the Court grants, in part, Plaintiff's Motion to Amend, Defendant's Motion for Judgment on the Pleadings, based on the First Amended Complaint, is moot and is denied on that basis.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings [54] is **DENIED AS MOOT**.

**SO ORDERED** this 9th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE